UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUSSELL PATTON,<br><br>　　　　　　　Plaintiff(s),<br><br>　v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC,<br><br>　　　　　　　Defendant(s). | Case No. 2:16-CV-2738 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Financial Business and Consumer Solutions, Inc.'s motion to dismiss. (ECF No. 22). Plaintiff Russell Patton filed a response (ECF No. 26), to which defendant replied (ECF No. 27).

**I.　　Facts**

The instant action arises from alleged violations of the Federal Debt Collection Practices Act ("FDCPA").

Plaintiff allegedly opened a Capital One credit card account and accumulated about $500.00 dollars in debt. (ECF No. 20 at 5). Subsequently, Midland Funding LLC/Midland Credit Management, Inc. ("Midland") retained defendant to collect plaintiff's debt. (ECF No. 20 at 5–6). On February 5, 2016, defendant sent plaintiff a collection letter attempting to collect the debt. (ECF No. 20 at 5).

Plaintiff alleges that the alleged debt does not belong to him, he did not incur the charges underlying the debt, and he did not sign a contract creating the alleged debt. (ECF No. 20 at 7).

**James C. Mahan**
**U.S. District Judge**

1  On November 20, 2016, plaintiff filed the underlying complaint (ECF No. 1), which he later amended with leave of court on May 4, 2017 (ECF No. 20). In the amended complaint, plaintiff alleges one cause of action pursuant to the FDCPA. (ECF No. 20).

In the instant motion, defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 22).

**II.  Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.*

**James C. Mahan**
**U.S. District Judge**

- 2 -

(internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## III. Discussion

In the instant motion, defendant argues that dismissal is proper because plaintiff's arguments that he is not the responsible party and that the credit card account was not opened until 2015 are unsupported and unsupportable. (ECF No. 22).

The court disagrees. Defendant's motion fails to set forth an adequate basis upon which to warrant dismissal. Defendant incorrectly assumes that plaintiff's FDCPA claim is defeated upon a showing that plaintiff is the responsible party and that the credit card account was opened prior to 2015.

The FDCPA provides protection from abusive debt collection practices. 15 U.S.C. § 1692 *et seq.* "The FDCPA bars the use of any false, deceptive, or misleading representation in connection with the collection of any debt." *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 997 (9th Cir. 2012) (citing 15 U.S.C. § 1692e). The FDCPA further prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 950 (9th Cir. 2011) (quoting 15 U.S.C. § 1692f(1)).

In the amended complaint, plaintiff alleges that defendant violated various provisions of the FDCPA because defendant had no legal right to collect, was not expressly authorized by agreement to collect, and attempted to collect interests and fees not expressly authorized. (ECF No. 20). Plaintiff alleges that the alleged debt does not belong to him, he did not incur the charges

James C. Mahan
U.S. District Judge

- 3 -

1 underlying the debt, and he did not sign a contract creating the alleged debt.  (ECF No. 20 at 7).
2 Taken as true, plaintiff has sufficiently stated a claim under the FDCPA.
3     Accordingly, the court will deny defendant's motion to dismiss (ECF No. 22).

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Financial Business and Consumer Solutions, Inc.'s motion to dismiss (ECF No. 22) be, and the same hereby is, DENIED.

DATED July 20, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -