UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RUSSELL PATTON,

                Plaintiff(s),

v.

FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC,

                Defendant(s).

Case No. 2:16-CV-2738 JCM (CWH)

ORDER

Presently before the court is defendant Financial Business and Consumer Solutions, Inc.'s ("Financial Solutions") motion for summary judgment. (ECF No. 38). Plaintiff Russell Patton filed a response (ECF No. 42), to which Financial Solutions replied (ECF No. 47).

**I.    Facts**

The instant action involves an allegation of unauthorized debt collection in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("the FDCPA").

In July of 2011, an account was opened in Patton's name for a credit card with Orchard Bank. (ECF No. 38, Ex. D). In July of 2013, the account fell into default. *Id.* at Ex. A. On January 6, 2014, Patton was mailed a letter from Capital One describing Capital One's acquisition of Orchard Bank and the subsequent rolling of the Orchard Bank card into an account with Capital One. *Id.* at Ex. D. From July of 2011 to February of 2014, Orchard Bank and Capital One mailed monthly statements to Patton's home address. *Id.* at Ex. A.

In February of 2014, Patton's account was sent to collections. *Id.* The unpaid amount for the January 3, 2014 – February 2, 2014, billing period was $503.27. *Id.* The debt was subsequently transferred from Capital One to Midland Funding ("Midland"). (ECF No. 20 at 6). Midland then

sent Patton's account information to Financial Solutions to commence collection of the debt. (ECF No. 47, Ex. 3).

On February 5, 2016, Financial Solutions sent Patton a collection letter in an attempt to collect the outstanding debt from Patton. *Id.* at Ex. 1. The collection letter stated that Patton owed $503.27. *See id.* This is the allegedly illegal communication which forms the basis for the amended complaint. *See* (ECF No. 20).

On November 30, 2016, Patton filed a complaint asserting that the collection letter violated the FDCPA. (ECF No. 1). On May 4, 2017, Patton filed his first amended complaint. (ECF No. 20). In the instant motion, Financial Solutions moves for summary judgment. (ECF No. 38).

## II.     Legal Standard

The Federal Rules of Civil Procedure authorize summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to preclude summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

. . .

. . .

### III. Discussion

In the instant motion, Financial Solutions moves for summary judgment on Patton's FDCPA cause of action. (ECF No. 38). Financial Solutions argues that it is entitled to summary judgment because (1) the statute of limitations bars Patton's cause of action; and (2) no material factual dispute exists as to whether Financial Solutions violated the FDCPA and therefore it is entitled to judgment as a matter of law. *See id.* The court will consider these arguments separately.

#### 1. Statute of limitations

Financial Solutions contends that Patton's FDCPA cause of action is time-barred. (ECF No. 38). Financial Solutions argues that "the statute of limitations begins to run from the time the plaintiff discovers the error." *Id.* at 9. Financial Solutions contends that Patton discovered the error when he received a credit report in 2013 indicating that he opened the Orchard Bank credit card in July of 2011. *Id.* at 9-10.

15 U.S.C. § 1692k(d) states that actions to enforce liability under the FDCPA must be brought "within one year from the date on which the violation occurs." Here, the original complaint was filed on November 30, 2016. Therefore, any claims based on allegedly illegal communications by Financial Solutions prior to November 30, 2015, are time-barred. The illegal communication alleged in the amended complaint occurred on February 5, 2016. (ECF No. 42, Ex. 1). This alleged violation falls within the one-year limitations period. *See* 15 U.S.C. § 1692k(d). Accordingly, Patton's FDCPA claim is not time-barred.

#### 2. Violations of the FDCPA

Patton alleges violations of sections 1692e and 1692f of the FDCPA. *See* (ECF No. 20). The court will address these sections in turn.

##### a. Violation of § 1692e

Patton alleges that Financial Solutions violated § 1692e "by stating plaintiff made a payment on an alleged debt in February 2014 on an account that plaintiff did not open, if ever, until November 2015." *Id.* Patton contends that he was a victim of identity theft and that he did not open the Orchard Bank credit card. *See* (ECF Nos. 20, 42). Patton also argues that Financial

Solutions violated § 1692e by including the phrase "may include interest and fees" in the collection letter. *See id.*

To prevail on a claim under § 1692e, a plaintiff must show that a debt collector used a "false, deceptive, or misleading representation or means in connection with the collection of a debt." 15 U.S.C. § 1692e. A false representation of the "amount . . . of any debt" violates § 1692e. *Id.* The amount must be clearly stated as to not confuse the least sophisticated consumer. *Clark v. Capital Credit & Collection Serv., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). The least sophisticated consumer includes "consumers of below average sophistication or intelligence or those who are uninformed or naïve, particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011). Further, in the Ninth Circuit, a debt collector's liability under § 1692e of the FDCPA is an issue of law. *See Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997).

Here, Patton's allegation that he did not open the account, if ever, until November of 2015, is contradicted by the record. Credit card statements from Orchard Bank and Capital One indicate that the account was opened with Orchard Bank in July of 2011. (ECF No. 38, Ex. A). From July of 2011 to February of 2014, Orchard Bank and Capital One mailed monthly statements to Patton's home address. *Id.* Further, the statements show that the account was rolled over to Capital One and sent to collections in February of 2014. *Id.*

Moreover, Patton's deposition testimony undermines his contention that the account was opened in November of 2015. *See* (ECF No. 38, Ex. E). Patton stated that he "got the credit report in 2013 and saw this account on it and that's what first alerted [him] to the issue." *Id.* at 26-27. Patton then affirmatively responded to the question "so your allegation is even though you saw the account in 2013, is that it couldn't have been opened until November 2015; is that correct?" *Id.* at 27.

Further, Patton's contention that he was a victim of identity theft and that he never opened the Orchard Bank credit card does not give rise to a FDCPA violation. *See*, *e.g.*, *Clark*, 460 F.3d at 1177 ("if a debt collector reasonably relies on the debt reported by the creditor, the debt collector will not be liable for any errors."); *Story v. Midland Credit Funding, LLC*, No. 15-cv-194-AC,

2015 WL 7760190, at *7 (D. Or. Dec. 2, 2015) ("communications regarding that debt are not deemed false, misleading, or deceptive simply because the alleged debt was incurred through identity theft"); *Chenault v. Credit Corp. Solutions, Inc.*, No. 16-cv-5864, 2017 WL 5971727, at *3 (E.D. Pa. Dec. 1, 2017) (holding that plaintiff's claim that he was the victim of identity theft and therefore never owed any debt does not give rise to a violation of § 1692e). The record indicates that the account statements bear Patton's name and address and were sent to Patton's home address from July of 2011 to February of 2014. *See* (ECF No. 38, Ex. A). Moreover, Financial Solutions relied on representations from Midland regarding Patton's alleged debt. *See* (ECF No. 47, Ex. 3); *see also Clark*, 460 F.3d at 1177.

Patton contends that the phrase "may include interest and fees" in the collection letter violates § 1692e. The Ninth Circuit has not directly addressed § 1692e disclosure requirements. However, in addressing § 1692e, the Second Circuit recently held that "[the] FDCPA requires debt collectors, when they notify consumers of their account balances, to disclose that the balance may increase due to interest and fees." *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 77 (2d Cir. 2016). The Second Circuit additionally held that "requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in section 1692e." *Id.* The court agrees. Accordingly, the court will dismiss Patton's § 1692e cause of action. *See Terran*, 109 F.3d at 1432.

**b. Violation of § 1692f**

Patton contends that Financial Solutions violated § 1692f because "defendant's [sic] attempted to collect interest and fees not expressly authorized by an agreement creating the alleged debt." (ECF No. 20 at 9). Patton's argument in support of this contention is twofold: (1) Financial Solutions' collection letter sought to collect, or at least implied that Financial Solutions was entitled to collect, interest and fees; and (2) no contract exists that evidences Financial Solutions' right to collect interest and fees. *See* (ECF No. 42).

To prevail on a claim under § 1692f, a plaintiff must show that a debt collector used "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This section is violated by "[t]he collection of any amount (including any interest, fee, charge, or

expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.*

Here, Patton's two arguments are unavailing because the record indicates that Financial Solutions did not attempt to collect interest and fees. The arrearage amount stated in the collection letter was $503.27. (ECF No. 42, Ex. 1). Similarly, the past due amount indicated in the January 3, 2014 – February 2, 2014, billing statement from Capital One was $503.27. (ECF No. 38, Ex. 1). Because the arrearage amount in the collection letter and billing statement are the same, Patton's contention that Financial Solutions sought to collect interest and fees is factually inaccurate. The court will dismiss Patton's claim. *See* 15 U.S.C. § 1692f.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDER, ADJUDGED, and DECREED that Financial Solutions motion for summary judgment (ECF No. 38) be, and the same hereby is GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED July 30, 2018.

_____
UNITED STATES DISTRICT JUDGE